


Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print    GrantedPublicAccess  Logoff MICHAEL_REDA

**2122-CC08647 - JOHN A BROOKS V LEVON HARUTYUNAN ET AL (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending
Display Options: All Entries

---

**07/09/2021**  ☐ Jury Trial Scheduled
   Scheduled For: 12/13/2021; 9:00 AM ; MICHAEL FRANCIS STELZER; City of St. Louis

**06/24/2021**  ☐ **Summ Issd- Circ Pers Serv O/S**
   Document ID: 21-SMOS-1951, for AMERIC EXPRESS GROUP.

   ☐ **Summ Issd- Circ Pers Serv O/S**
   Document ID: 21-SMOS-1950, for HARUTYUNAN, LEVON.

   ☐ Filing Info Sheet eFiling
   **Filed By:** JOHN LAWSON BUDD WILBERS

   ☐ **Request Filed**
   Request for Process Server.
   **Filed By:** JOHN LAWSON BUDD WILBERS
   **On Behalf Of:** JOHN AARON BROOKS JR

   ☐ **Pet Filed in Circuit Ct**
   Petition.
   **Filed By:** JOHN LAWSON BUDD WILBERS

   ☐ Judge Assigned

---

Case.net Version 5.14.19           Return to Top of Page           Released 07/15/2021

## IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| **JOHN A. BROOKS JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No._____ |
| | ) | |
| **LEVON HARUTYUNAN,** | ) | PLAINTIFF REQUESTS |
| <u>Serve at</u> | ) | TRIAL BY JURY |
| 1168 Alameda Avenue Apt 203 | ) | |
| Glendale, CA 91201 | ) | |
| | ) | |
| **AMERIC EXPRESS GROUP** | ) | |
| Serve at | ) | |
| 644 W Doran St. | ) | |
| Glendale, CA 91203 | ) | |
| Defendants. | ) | |

### PETITION

**COMES NOW** Plaintiff, John A Brooks Jr., by and through counsel, and for his cause of action against Defendants, Levon Harutyunan and Americ Express Group, alleges and states as follows:

### STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters pursuant to RSMo. § 478.070.

2. The amount of controversy exceeds the jurisdictional minimum of this Court.

3. The venue is proper under RSMo. § 508.010 in that Plaintiff's cause of action accrued in the City of Saint Louis, State of Missouri.

### PARTIES TO THE CLAIM

4. Plaintiff, at all times material hereto, is and has been a resident of Saint Louis City, MO.

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

5. Upon information and belief, at all times material hereto, Defendant Levon Harutyunan is and has been a resident of Los Angeles County, California.

6. Upon information and belief, at all times material hereto, Defendant Levon Harutyunan was the agent, servant, and employee of Defendant America Express Group.

7. Upon information and belief, at all times material hereto, Defendant America Express Group is a California corporation in good standing and maintained its principal place of business in Glendale, Los Angeles County, California, and the name and address of its registered agent for service of process in the state of California is 644 W. Doran St. Glendale, California 91203.

## ALLEGATIONS COMMON TO ALL COUNTS

8. On or about October 6, 2018, in St. Louis City, Missouri, Plaintiff was a passenger in a 2005 Ford Explorer in the second westbound lane of Interstate 64, near the intersection of Interstate 44.

9. At said time and place, Defendant Levon Harutyunan, while in the scope and course of his employment with America Express Group, was operating a 2016 Freightliner in the third westbound lane of Interstate 64, near the intersection of Interstate 44.

10. At said time and place, Defendant Levon Harutyunan, while in the scope and course of his employment with America Express Group, improperly merged into Plaintiff's, causing a collision.

11. At said time and place, Defendant America Express Group and its agents, servants, employees, and drivers, including Defendant Levon Harutyunan, were subject to Missouri's Statutory "Rules of the Road" as enumerated in the Missouri Revisor of Statutes.

## COUNT I - NEGLIGENCE

**COMES NOW** Plaintiff and, for Count I of his cause of action against Defendant Levon Harutyunan, alleges and states as follows:

12. Plaintiff adopts and incorporates paragraphs 1-11 of this Petition as if fully set forth herein by this reference.

13. Defendant Levon Harutyunan owed Plaintiff a duty to operate his vehicle with the highest degree of care, yet failed to do so, and was therefore negligent, reckless, and careless in the following respects:

   a. in failing to keep a careful lookout while operating a motor vehicle;

   b. in failing to exercise the highest degree of care while operating a motor vehicle;

   c. in failing to yield the right of way;

   d. in failing to keep his vehicle entirely within a single lane;

   e. in failing to sound warning; and

   f. in failing to stop or slow after he knew or, by use of the highest degree of care, could have known that there was a reasonable likelihood of a collision;

14. That on or about October 6, 2018, the city of St. Louis had in full force and in effect various municipal codes; that Defendant breached said codes which constitutes actionable **negligence per se**; and that the specific codes which were breached are set forth in pertinent part:

   a. in driving recklessly in violation of Traffic Code 17.16.330; and

   b. in failing to yield the right-of-way in violation of Traffic Code 17.16.140;

15. That on or about October 6, 2018, the state of Missouri had in full force and effect

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

various traffic statutes; that Defendant Levon Harutyunan breached said traffic statutes which constitutes actionable **negligence per se**; and that the specific statutes which were breached are set forth in pertinent part:

    a. in failing to keep his vehicle entirely within a single lane in violation of RSMo. § 304.015;

    b. By following within three hundred feet of Plaintiff's vehicle in violation of RSMo. § 304.044;

16. Defendant Levon Harutyunan's negligence directly caused or contributed to cause Plaintiff to sustain injuries to his neck, lower back, and bilateral lower and upper extremities. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries.

17. Plaintiff has suffered all of the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

18. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

19. Plaintiff is entitled to fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) for the injuries sustained by his as a direct and/or contributory result of Defendant's negligence.

20. Plaintiff should be awarded his court and litigation costs incurred herein and, therefore, requests an award of said costs to be paid by Defendant.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in

excess of twenty-five thousand dollars ($25,000.00) against Defendant, together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR

**COMES NOW** Plaintiff and, for Count II of his cause of action against Defendant America Express Group, alleges and states as follows:

21. Plaintiff adopts and incorporates paragraphs 1-21 of this Petition as if fully set forth herein by this reference.

22. Defendant Levon Harutyunan was engaged in an activity falling within the scope of his authority or employment at the time of the collision with Plaintiff.

23. At all times relevant hereto, Defendant Levon Harutyunan's actions were undertaken by virtue of his employment and in furtherance of the business or interest of his employer, Defendant America Express Group.

24. Under the Doctrine of *respondeat superior*, Defendant America Express Group is liable to Plaintiff for Defendant Levon Harutyunan's negligent acts even if said acts were not directed, commanded, or expressly authorized by Defendant America Express Group. *Maryland Cas. Co. v. Huger*, 728 S.W.2d 574, 579 (Mo. Ct. App. 1987).

25. The negligent actions of Levon Harutyunan are imputed to his employer, Defendant America Express Group according to the doctrine of **respondeat superior**.

26. As demonstrated by the conditions above, Defendant Levon Harutyunan owed Plaintiff a duty to operate his vehicle with the highest degree of care, yet failed to do so, and was therefore negligent, reckless, and careless in the following respects:

 a. in failing to keep a careful lookout while operating a motor vehicle;

    b. in failing to exercise the highest degree of care while operating a motor vehicle;

    c. in failing to yield the right of way;

    d. in failing to keep his vehicle entirely within a single lane;

    e. in failing to sound warning; and

    f. in failing to stop or slow after he knew or, by use of the highest degree of care, could have known that there was a reasonable likelihood of a collision;

27. That on or about October 6, 2018, the City of St. Louis had in full force and in effect various municipal codes; that Defendant Levon Harutyunan breached said codes which constitutes actionable **negligence per se;** and that the specific codes which were breached are set forth in pertinent part:

    a. in driving recklessly in violation of Traffic Code 17.16.330; and

    b. in failing to yield the right-of-way in violation of Traffic Code 17.16.140;

28. That on or about October 6, 2018, the state of Missouri had in full force and effect various traffic statutes; that Defendant Levon Harutyunan breached said traffic statutes which constitutes actionable **negligence per se** and that the specific statutes which were breached are set forth in pertinent part:

    a. in failing to yield the right of way in violation of RSMo. § 304.351;

    b. in failing to keep his vehicle entirely within a single lane in violation of RSMo. § 304.015; By following within three hundred feet of Plaintiff's vehicle in violation of RSMo. § 304.044;

29. Defendant Levon Harutyunan's negligence directly caused or contributed to cause Plaintiff to sustain injuries to his neck, lower back, and bilateral lower and upper extremities. He

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries.

30. Plaintiff has suffered all of the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain and damages being permanent, disabling and progressive.

31. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

32. Plaintiff is entitled to fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) for the injuries sustained by his as a direct and/or contributory result of Defendant's negligence.

33. Plaintiff should be awarded his court and litigation costs incurred herein and, therefore, requests an award of said costs to be paid by Defendant.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) against Defendant, together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ John L. Wilbers
_____
John L. Wilbers, #51848 MO
**The Wilbers Law Firm, LLC**
130 S. Bemiston, Suite 406
St. Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
filings@thewilberslawfirm.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

2122-CC08647
Exhibit A

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**



John A Brooks, Jr.
_____
Plaintiff/Petitioner

vs.

Levon Harutyunan
_____
Defendant/Respondent

_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __John A Brooks, Jr._____, pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| D & B Legal Services | 5350 W. 94th Terrace Ste. 206 Overland | 913-362-8110 |
|---|---|---|
| Name of Process Server | Address | Telephone |

_____
Name of Process Server            Address                         Telephone

_____
Name of Process Server            Address                         Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:
Levon Harutyunan
Name
1168 Alameda Ave Apt 203
Address
Glendale, CA 91201
City/State/Zip

SERVE:
Americ Express Group
Name
644 W. Doran Street
Address
Glendale, CA 91203
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
    Deputy Clerk

_____
Date

John L. Wilbers
_____
Attorney/Plaintiff/Petitioner
51848
Bar No.
130 S. Bemiston
Address
(314)-721-3040
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

Electronically Filed - City of St. Louis - June 24, 2021 - 12:36 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC08647 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN AARON BROOKS JR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN LAWSON BUDD WILBERS<br>130 S BEMISTON<br>SUITE 603<br>CLAYTON, MO 63105 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>LEVON HARUTYUNAN | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

### Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: AMERIC EXPRESS GROUP
Alias:

644 W. DORAN ST.
GLENDALE, CA 91203

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**June 24, 2021**
_____         _____
Date                                                                Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons   $_____
Non Est   $_____
Mileage   $_____ ( _____ miles @ $ _____ per mile)
Total     $_____

See the following page for directions to officer making return on service of summons.    Exhibit A

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

**SPECIAL PROCESS SERVER**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC08647 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN AARON BROOKS JR | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN LAWSON BUDD WILBERS<br>130 S BEMISTON<br>SUITE 603<br>CLAYTON, MO 63105 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>LEVON HARUTYUNAN | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: LEVON HARUTYUNAN
Alias:
1168 ALAMEDA AVE. APT 203
GLENDALE,, CA 91201

**COURT SEAL OF**
**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

June 24, 2021
_____        _____
Date                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons      $_____
Non Est      $_____
Mileage      $_____ (_____ miles @ $_____ per mile)
Total        $_____

See the following page for directions to officer making return on service of summons.   Exhibit A

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.